[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN #112
The defendant has filed a Motion for Contempt, and the subject Motion to Cite In a Party Defendant. This action for dissolution of marriage was commenced in 1983, and proceeded to judgment on July 14, 1983. There were no post-judgement motions filed until the instant motions, in April of 1994, which motions were continued until September 12, 1994, and were briefed in October of 1994.
The defendant claims that it is necessary for her contempt motion to implead as a third-party defendant, Nawaf Nagi, Jaziba Tajildeen, and Jassir Mohammed. Her claim is that an agreement to purchase "Tajildeen's Corner" was fraudulent, and that her signature on certain documents effecting that transfer were forgeries. She claims that the court has the discretion to allow interpleader in this situation, citing Lettieri v. American Savings Bank, 182 Conn. 1, 13 (1980). Dicta in the case indicates that the court may look to issues CT Page 4004 concerning the timing of the allegation, and the status of the case pending trial. The matrimonial cases cited by the defendant deal with the pre-judgment transfers of marital property, and are not on point in this analysis.
The defendant claims that Practice Book § 100 allows for the addition of parties when "as it deems the interest of justice requires." The defendant further cites Conn. Gen. Stat. § 52-103. That statute calls for the addition of parties in any "pending case."
The plaintiff claims that it would be inequitable, and against the interests of justice to allow the named parties to be impleaded as party defendants to a long disposed of family action. The plaintiff claims that the granting of the motion would yeild [yield] a misjoinder of causes of action. Practice Book § 133, Conn. Gen. Stat. § 52-97.
The court refers to its discussion on the issues of joinder of actions in matrimonial cases to the unreported case of Hutchings v. Hutchings, FA -054449, Litchfield Superior Court, February 22, 1993.
The plaintiff further claims equitable estoppel and latches. Those defenses are not yet appropriate, because they would not pertain until the action was allowed.
The court refuses to exercise discretion that would allow the disposition of a fraud claim within the confines of a marital dissolution file, which had been inactive for twelve (12) years. While the court retains equitable jurisdiction over the issues of the marriage, and to enforce the agreement of the parties, the argument advanced by the defendant to permit the litigation of this issue of fraud within this action is untenable.
The allowance of such an action is not in the interests of judicial economy, nor is it timely. The court is mindful of the passage of time from the original transfer, and the date of this proceeding. During the entire period of time, the defendant had her remedies available to her. Nothing in the argument would persuade the court that there in a compelling need to grant the motion. CT Page 4005
The Motion to Cite in Party Defendant is denied.
DRANGINIS, J.